## Brown v. Brown

■■■■ ■■■■

■■■■

■■■■

*Kenneth C. Myers,* for plaintiff.
*Robert B. Brugler,* for defendant.

ZIEGLER, *P.J.,* April 17, 1980—Plaintiff (wife) and defendant (husband) were divorced in 1968 at which time they entered into an agreement concerning property settlement, child support and custody, alimony payments and other matters related to the dissolution of the marital relationship. The sole issue presented by this case concerns the interpretation and construction of the agreement's alimony provision. The case was presented on briefs of the parties and a factual stipulation.

The alimony provision of the agreement called for defendant to make payment of $5,250 to plaintiff on August 15 of every year from 1968 to and including 1979. The agreement went on to state: "Since the payments herein provided are deductible to the HUSBAND and taxable to the WIFE for Federal income tax purposes, each of the parties shall file separate income tax returns hereafter, and HUSBAND shall reimburse the WIFE in an amount equal to the Federal income tax which she is, or will be, required to pay attributable to payments made to her hereunder, and such reimbursement shall be made within ten (10) days after WIFE notifies HUSBAND of the amount of income tax due and payable." The parties differ on the question of the amount of defendant's liability under the above provision.

Defendant contends that he is obligated to pay plaintiff only the amount of Federal income tax which would be levied on the annual payments of $5,250 if that were plaintiff's only taxable income and regardless of such other income if same existed. For purposes of determining his tax liability on the alimony payments, Defendant would treat the alimony payments as constituting the bottom portion of plaintiff's taxable income in any given year.

Plaintiff, on the other hand, would consider defendant's tax liability under the agreement to be the difference between the tax due on her total taxable income including alimony payment and the tax due on her other taxable income excluding alimony payment. This method of determining defendant's obligation under the agreement would, in effect, treat the alimony payment as constituting the top portion of plaintiff's annual taxable income.

The agreement, surprisingly,[1] does not specifically address this matter. This is surprising given the probability that plaintiff would acquire other taxable income over a 12 year period.

The agreement does, however, provide some guidance for resolution of the question presently before the court. In the final portion of the provision set forth above, the agreement states that defendant's tax reimbursement to plaintiff "shall be made within ten (10) days after WIFE notifies HUSBAND of the amount of income tax due and payable." This language appears to contemplate some manner of calculation. More importantly, it appears to contemplate calculation by plaintiff who would be the only one to know the amount of her other taxable income exclusive of the alimony pay-

1. The agreement was apparently drafted by Reno, Nevada counsel.

ment. This would support plaintiff's construction of the agreement because, if defendant's construction were contemplated by the agreement, notification of amount of tax due to defendant would be unnecessary as defendant could easily determine the tax owed by a single woman with an income of $5,250, utilizing the standard deduction, and remit such amount to plaintiff along with the alimony payment. Given the distinct and entirely reasonable probability that plaintiff might acquire taxable income from another source at some time or times over a 12 year period and the language of the alimony provision calling for payment within ten days of plaintiff's notification to defendant of the . amont of tax due and payable, we are inclined to agree with plaintiff's interpretation of the agreement's alimony provision. The agreement imposes upon plaintiff responsibility for calculating the tax due and notifying defendant of that amount. Such responsibility suggests that the agreement contemplated inclusion of other taxable income if same existed and that the annual alimony payment was to be considered as the top portion of plaintiff's income. If the alimony payment were to be treated as the bottom portion of plaintiff's taxable income, the calculation of tax due and payable could, as stated earlier, be made just as easily and accurately by defendant.

We emphasize this point because it is the only reliable guide to the meaning of the alimony provision in the agreement.[2] Without the above quoted

---

2. Cf. Sands v. Sands, 252 Md. 137, 249 A. 2d 187 (1969), which, although not directly on point, is apparently one of the few cases to address a related issue. In Sands, the court adopted a construction of the parties' agreement similar to that urged by plaintiff. The agreement provided, however, that the husband's alimony payments were to be "net" to the wife and that taxes due thereon were to be paid by the husband.

language the arguments of both parties would be equally compelling.

We conclude, therefore, that plaintiff's construction of the agreement is the most tenable given the wording of the alimony provision, particularly that portion quoted above, and render our decision accordingly.

## DECISION

Now, April 17, 1980, in accordance with the foregoing opinion, the court finds in favor of plaintiff. If this decision stands, then the amount of judgment to be entered pursuant hereto shall be determined by stipulation of counsel or by the court after hearing.